AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*March 17, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| HERMAN MITCHELL | ) | 4:25-mj-152 |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 11, 2025,__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 3147(1). | Count One: Felon in possession of a firearm |
| Count Two: 18 U.S.C. §§ 922(n), 924(a)(1)(D), and 3147(1). | Count Two: Receipt of a firearm while under indictment for a felony |

See Attachment A, incorporated herein by reference.

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI SA John Shimp
Printed name and title

Sworn to before me and signed by telephone.

Date: March 17, 2025

_____
Judge's signature

City and state: Houston, Texas

Richard W. Bennett, United States Magistrate Judge
Printed name and title

<u>**ATTACHMENT A**</u>  **4:25-mj-152**

<u>**COUNT ONE**</u>
*Felon in Possession of a Firearm*

On or about March 11, 2025, in the Southern District of Texas, the defendant, **HERMAN MITCHELL**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a Glock brand, 20 model, 10-millimeter handgun bearing serial number BSPX018, and said firearm had been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 3147(1).

<u>**COUNT TWO**</u>
*Receipt of a Firearm While Under Indictment for a Felony*

On or about March 11, 2025, in the Southern District of Texas, the defendant, **HERMAN MITCHELL**, who was then knowingly under indictment for a crime punishable by imprisonment for a term exceeding one year, did knowingly receive a firearm, to wit: a Glock brand, 20 model, 10-millimeter handgun bearing serial number BSPX018, which had been transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(n), 924(a)(1)(D), and 3147(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>HERMAN MITCHELL,<br><br>  Defendant. | Case No. __4:25-mj-152__ |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Shimp, being duly sworn, state under oath that:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2007. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2516. I am currently assigned to the FBI Houston Division Field Office as part of the Violent Crimes Task Force. I have participated in investigations of RICO, murder for hire, assaults on federal officers, Hobbs Act violations, violent crimes, drug trafficking, and violations of federal firearms laws, among other things. I have also conducted or participated in surveillances, the execution of search warrants, debriefings of informants and reviews of recorded conversations. Through my training, education, and experience, including conversations with other law enforcement officers, I have become familiar with felon in possession of firearms matters. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. This affidavit is made in support of a criminal complaint charging **Herman MITCHELL** with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 3147(1); and receipt of a firearm while under indictment for a felony offense, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D), and 3147(1). I am familiar with the information

1

contained in this affidavit based upon the investigation I have personally conducted and my conversations with other law enforcement officers and witnesses.

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause **MITCHELL** has violated 18 U.S.C. §§ 922(g)(1), 922(n), 924(a)(1)(D), 924(a)(8), and 3147(1).

4. On August 16, 2023, a federal grand jury in Houston, Texas, returned an indictment charging **MITCHELL** with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a); conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; attempt to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. These are felony offenses punishable by a term of imprisonment exceeding one year. **MITCHELL** was subsequently arrested and arraigned on the indictment on August 28, 2023. Following a detention hearing, **MITCHELL** was released subject to various conditions, including home incarceration and location monitoring.

5. On February 27, 2024, a federal grand jury in Houston, Texas, returned a superseding indictment charging **MITCHELL** with the same felony offenses. **MITCHELL** appeared for an arraignment on the superseding indictment on March 10, 2025.

6. On March 11, 2025, United Stated Probation Officer ("USPO") Ryan McClellan was performing an unscheduled visit to **MITCHELL's** residence in Houston, Texas, within the Southern District of Texas, in accordance with protocols for monthly visits while on pretrial release. When approaching the door, USPO McClellan observed that the front door was not fully

closed, so he knocked and announced himself. **MITCHELL** invited USPO McClellan in. Upon entering, USPO McClellan observed **MITCHELL** quickly hiding an object under him on a couch. USPO McClellan could see a firearm protruding from the couch, which he seized and made safe, meaning he removed the magazine and made sure the gun was not loaded. The handgun was further described as black and loaded with an extend magazine carrying 24 bullets and one round in the chamber. The handgun had a gold "switch" attached to the rear slide, which I am aware commonly allows for a handgun to be converted to a machinegun. Per USPO McClellan, **MITCHELL** admitted knowing the handgun had a switch attached to it.

7. **MITCHELL** was the only occupant in the residence during the discovery of the handgun. Shortly after, another adult male entered the apartment who is an associate of the **MITCHELL's**.

8. USPO McClellan promptly left the residence out of concern for his safety. After USPO McClellan left, **MITCHELL** called and stated that he was holding the firearm for a friend who was fighting with his girlfriend. In addition, **MITCHELL** pleaded with USPO McClellan to not turn the gun in, and to not report that the gun was in his possession. Per USPO McClellan, **MITCHELL** appeared to be begging for him to discard the evidence.

9. The handgun was seized and taken to evidence at the United States Probation Office located at 515 Rusk Avenue, Houston, Texas and later identified as a Glock brand, 20 model, 10-millimeter handgun bearing serial number BSPX018. Stamped on the barrel is "Austria." Affixed to the rear of the Glock is a gold in color "switch." Also, with the handgun is one extended magazine and 24 rounds of ammunition. Based on my training and experience, I am aware that Glock firearms are manufactured in Austria and imported into the United States. Accordingly, I

3

believe the aforementioned handgun traveled in interstate commerce before arriving in **MITCHELL's** possession



10.     **MITCHELL** is a convicted felon and cannot lawfully possess firearms or ammunition in the United States. **MITCHELL** was convicted of felony possession of a controlled substance in Harris County, Texas, on or about December 4, 2018, and was sentenced to two years' imprisonment.

11.     Based on the foregoing, I believe there is probable cause that **MITCHELL** is in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 3147(1), that is, felon in possession of a

firearm; and 18 U.S.C. §§ 922(n), 924(a)(1)(D), and 3147(1), that is, receipt of a firearm while under indictment for a felony offense.

I swear under penalty of perjury that the foregoing is true and correct.

_____
John Shimp
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically this 17th day of March 2025, and I find probable cause.

_____
HONORABLE RICHARD W. BENNETT
United States Magistrate Judge
Southern District of Texas

5